UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DONALD R. BARNES, | ) | 1:12-cv-00834-AWI-BAM (PC) |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING COMPLAINT WITH |
| | ) | LEAVE TO AMEND (ECF No. 1) |
| v. | ) | |
| | ) | THIRTY-DAY DEADLINE |
| S. GREAGER, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

### I. Screening Requirement and Standard

Plaintiff Donald R. Barnes ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint, filed on May 22, 2012, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

### II.  Plaintiff's Allegations

Plaintiff is currently housed at the California Substance Abuse Treatment Facility located in Corcoran, California. The events complained about allegedly occurred while Plaintiff was housed at California Correctional Institution ("CCI") in Tehachapi, California. Plaintiff names prison guards S. Greager and G. Arrellano as defendants.

Plaintiff's complaint is difficult to understand. He also repeatedly references various exhibits attached to his complaint, but no exhibits have been attached or filed with this Court. Plaintiff appears to allege as follows: On September 22, 2008, prison officials fabricated a serious rule violation ("115") report. Defendant Greager forced Plaintiff to provide a urine sample, which caused Plaintiff to suffer physical and mental injury, including severe chest pain, shortness of breath, fear, shock, mental distress, psychic trauma and embarrassment.

On October 3, 2008, Defendant Greager received a positive laboratory report. Plaintiff's urinalysis proved positive for a controlled substance (cannabis). Plaintiff was found guilty of the charge included in the 115 rules violation report.

On January 9, 2008, Senior Hearing Officer S. Hopkins dismissed the 115 rule violation. Plaintiff contends that the dismissal was a defacto statement that Defendant Greager had fabricated the rules violation.

On December 9, 2008, Plaintiff suffered a wrongful accusation and received a rules violation report based on a conspiracy to introduce narcotics into the institution and distribution. Plaintiff claims that he was wrongly found guilty of the rules violation. He also claims that he was found guilty because he filed a grievance that a state employee had fabricated a rules violation that was later reversed. Plaintiff claims that as a result of Defendant Arrellano's harassment/reprisal, Plaintiff's family visitation was stopped and he was assessed 180-days credit forfeiture without any evidence except for Defendant Arellano's guesswork. Plaintiff claims that he was denied a witness, inmate Diaz, to testify on his behalf. Plaintiff also claims that Defendant Arellano never presented a confidential informant, suggesting that Defendant Arellano fabricated the report.

Plaintiff alleges that he suffered another wrongful guilty finding and his wife, Corinthia Williams, was strip searched due to his filing of prison grievances. Plaintiff also alleges that the hearing officer was biased and prejudice. Plaintiff claims that upper level prison officials failed to stop lower level prison guards from subjecting him to retaliation and reprisal.

Plaintiff asserts that he is bringing this action for violation of the First, Fourth and Eighth Amendments. Plaintiff seeks compensatory and punitive damages, declaratory relief, reversal of all charges against him and disclosure of the confidential informant.

### III. Deficiencies of the Complaint

Due to the disjointed and unclear nature of Plaintiff's complaint and his failure to state any cognizable claims, Plaintiff's complaint will be dismissed with leave to amend. To assist Plaintiff in amending his complaint, Plaintiff is provided with the applicable pleading and legal standards.

#### A. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). As

noted above, detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id; see also Twombly, 550 U.S. at 556–557; Moss, 572 F.3d at 969.

Plaintiff's complaint is disjointed and difficult to understand. It also includes unnecessary quotation marks, underlining and capitalization of words. If Plaintiff chooses to amend his complaint, he should make the amendment as straightforward and concise as possible. Plaintiff should state clearly which of his rights he believes were violated and how those rights were violated by defendants.

### B. Challenge to Disciplinary Hearing Procedures

Plaintiff is challenging the disciplinary hearing procedures instituted by Defendant Arellano's rules violation report, which resulted in the forfeiture of his good time credits. Plaintiff requests reversal of the disciplinary charge.

Plaintiff's section 1983 claim challenging the disciplinary proceedings is barred by Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.ED.2d 383 (1994), and Edwards v. Balisok, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997). A state prisoner's section 1983 is not cognizable if success on the claim would necessary imply the invalidity of his sentence. Heck, 512 U.S. at 486-87, 114 S.Ct. 2364. Further, a prisoner's section 1983 challenge to disciplinary hearing procedures is barred if a judgment in his favor would necessarily imply the invalidity of the resulting loss of good-time credits. Edwards, 520 U.S. at 646, 117 S.Ct. 1584. Here, a decision in Plaintiff's favor would necessarily imply the invalidity of his guilty finding and the loss of his good-time credits, and would necessarily affect his release date. Accordingly, he may not pursue his claims challenging the disciplinary procedures in this action.

### C. First Amendment - Retaliation

Plaintiff claims that Defendants Greager and Arellano retaliated against him. Within the prison context, a viable claim of First Amendment retaliation consists of five elements: "(1) An

4

assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

A plaintiff suing for retaliation under section 1983 must allege that "he was retaliated against for exercising his constitutional rights and that the retaliatory action does not advance legitimate penological goals, such as preserving institutional order and discipline." Barnett, 31 F.3d at 816. The plaintiff does not need to show actual inhibited or suppressed speech, but that there was a chilling effect upon his speech. Rhodes, 408 F.3d at 569. The burden is on the plaintiff to plead and prove the absence of any legitimate correctional goals for the alleged conduct. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995).

Defendant Greager

Plaintiff claims that he has stated a cause of action for retaliation against Defendant Greager because the rules violation report authored by Defendant Greager was dismissed, which suggests that the report was falsified. Plaintiff's allegations fail to state a cognizable retaliation claim against Defendant Greager. Plaintiff has not included any factual allegations to demonstrate that Defendant Greager issued the rules violation report because of any protected conduct by Plaintiff, such as the filing of prison grievances.

Defendant Arellano

Plaintiff claims that Defendant Arellano fabricated a rules violation in retaliation for Plaintiff's grievances against prison officials. Plaintiff has failed to state a cognizable claim of retaliation because Plaintiff was found guilty of the rules violation. Thus, any finding of fabrication of the report in this action would necessarily imply the invalidity of Plaintiff's loss of good time credits. As discussed above, such a claim is barred by Heck, 512 U.S. at 486-87, 114 S.Ct. 2364, and Edwards, 520 U.S. at 646, 117 S.Ct. 1584.

///

///

#### D. Fourth Amendment

Based on the allegations in his complaint, it is unclear whether Plaintiff is attempting to assert a claim based on the taking of a urine sample or the alleged strip search of his wife.

To the extent that Plaintiff is complaining about his submission to a urine test, a urine test is considered a "search" for Fourth Amendment purposes. Skinner v. Railway Labor Executives' Assn., 489 U.S. 602, 617, 109 S.Ct. 1402, 103 L.Ed.2d 639 (1989). In order for a prisoner to state a claim that a search violated the Fourth Amendment, he must allege an intrusion that was unreasonable in relation to its purpose. See, e.g., Jordan v. Gardner, 986 F.2d 1521, 1534-40 (9th Cir. 1988). Here, Plaintiff has not alleged that the urine test was unreasonable based on its purpose. Rather, Plaintiff appears to allege that the urine sample was taken based on a suspicion of his drug use, including the smell of marijuana.

To the extent that Plaintiff is asserting that his wife's Fourth Amendment rights were violated by a strip search, he may not do so. Plaintiff, a non-attorney pro se litigant, may not represent other parties in litigation filed in federal court. See Simon v. Hartford Life, Inc., 546 F.3d 661, 664-65 (9th Cir. 2008).

#### E. Eighth Amendment

Plaintiff states that he is asserting an Eighth Amendment claim. However, given the unclear nature of complaint, the Court cannot determine the underlying basis for his Eighth Amendment claim. Insofar as Plaintiff's claim is based on the alleged infliction of mental and physical suffering from the purportedly false 115 rules violation report and the urine sample, the Court provides the following standard:

The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment. Hope v. Pelzer, 536 U.S. 730, 737, 122 S.Ct. 2508 (2002) (citing Whitley v. Albers, 475 U.S. 312, 319, 106 S.Ct. 1078 (1986)) (quotation marks omitted). Among unnecessary and wanton inflictions of pain are those that are totally without penological justification. Hope, 536 U.S. at 737 (citing Rhodes v. Chapman, 452 U.S. 337, 346, 101 S.Ct. 2392 (1981)) (quotation marks omitted). Punitive treatment which amounts to gratuitous

infliction of wanton and unnecessary pain is prohibited by the Eighth Amendment. Id. at 738 (quotation marks omitted).

Plaintiff's amended complaint, if any, should clearly identify the factual allegations underlying his Eighth Amendment claim.

### F. Declaratory Relief

In addition to damages, Plaintiff seeks a declaration that his rights were violated. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985). In the event that this action reaches trial and the jury returns a verdict in favor of Plaintiff, the verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that any defendant violated Plaintiff's rights is unnecessary.

### IV. Conclusion and Order

Plaintiff's complaint fails to state a cognizable claim upon which relief may be granted under section 1983. However, the Court will provide Plaintiff with the opportunity to file an amended complaint. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. at 676. Plaintiff also must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678. (quoting Twombly, 550 U.S. at 555). Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of adding new, unrelated claims. Plaintiff also may not assert claims barred by Heck or Edwards.

Finally, Plaintiff is advised that pursuant to Local Rule 220, the amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Once an amended complaint is filed, the original complaint no longer serves any function in the

case.  The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

      Based on the foregoing, it is HEREBY ORDERED that:

      1.     The Clerk's Office shall send Plaintiff a complaint form;

      2.     Plaintiff's complaint is dismissed for failure to state a claim with leave to file a first amended complaint within thirty (30) days from the date of service of this order; and

      3.     **If Plaintiff fails to comply with this order, the Court will dismiss this action for failure to obey a court order and for failure to state a claim.**

IT IS SO ORDERED.

    Dated:   **September 10, 2013**          /s/ *Barbara A. McAuliffe*
                                                       UNITED STATES MAGISTRATE JUDGE